Appeal. — Payment on the trial below; John Bowen was sworn as a witness, and, being produced here by the defendant, he was sworn on hisvoir dire, at the instance of the plaintiff. Upon being asked, he stated that he was interested.
The defendant's counsel stated that this witness made himself interested to avoid being a witness. It was insisted by them, that, as they were entitled to his testimony with respect to the payment, they could not be deprived of it by any act of his, and especially as he had been once sworn in the County Court; they desired to know of the witness how he was interested. Objected by the plaintiff's counsel, that he was not bound to disclose. The witness was unwilling, and refused to answer, unless by direction of the Court. The Court then asked the witness, upon oath, whether he believed the disclosure sought for would be prejudicial to his interest? He answered positively it would, and that he became interested before the supposed transaction of payment; the Court permitted him to retire without being sworn in chief.
Verdict for the plaintiff, and rule for a new trial.
BARRY and HAYWOOD showed cause, relying upon Leach's Cr. Law, 145, 151; Peak, 129, 137, 186, 256, for the purpose of proving that the Court erred in not compelling Bowen, the witness, to answer on his voirdire.
WILLIAMS, in reply. — Agreeably to the Constitution, art. 11, § 9, no person shall be compelled to *Page 341 
give evidence against himself; the Court therefore decided right.
HAYWOOD admitted a witness might be so situated, but in this case he might answer, not positively, but thus, "it is said."
We are strongly inclined to think, that no person in a court of law can be obliged to give evidence against himself. The Constitution was particularly intended for criminal cases; the section relates to criminal proceedings, but we think the principle existed previous to the Constitution; it seems to be inseparably connected with the security and enjoyment of rational liberty, and we cannot at present see any difference between compelling a man to disclose a thing prejudicial to himself when sworn on his voirdire and in chief. The principle appears to be the same. As the witness says he became interested before the transaction to which he alludes, there is no necessity to look to the point, whether a person becoming interested after a fact, shall be compelled to swear; andper