Catron, Ch. J.
delivered the opinion of the court.
The question presented by the annexed bill of exceptions, for the first time comes before this court for decision. Can a witness be heard to object, that he will be compelled to disclose facts going to show he was a partner in the transaction which gave cause of action; and that he is equally liable with the defendant to the plaintiff?
The witness was called by the plaintiff. The defendant did not, and could not object, to his competency; but the witness,- for the reason above, objected on his own account to testifying, and was excused by the court, contrary to the wishes of the plaintiff who had called him.
Of necessity the question in England has arisen generally in the course of practice before the nisi prius courts', and been determined by single judges. They disagreed. The writers on evidence have therefore adopted the opinions of those most in accordance with their own. The consequence was, that until the ques *300 tion arose before the House of Lords in 1800, on Lord Mellville’s impeachment, the rule of evidence was unsettled, and greatly perplexed b.y conflicting opinions of individual judges.
Shortly before, Mr. Peake had published his book on evidence, holding that a witness was not compellable to give any answer which might subject him to a civil action, or charge himself with a debt. Peake, 184. He relies upon Title vs. Grevatt, (2 Lord Ray. 1008,) where Holt remarked, “a man that conveys lands, may be a witness to prove he had no title because that is swearing against himself; but he is not compellable to give such evidence.” The remark seems to have been made during the progress of a trial, whether called for, or obiter, does not appear. The report is a loose note entitled to little weight.
Peake is a writer of accuracy and merit, and has had . much influence on the practice of this country.
The subsequent treatises of Philips and Starkie on Evidence, refer to the declaratory act of 46 George III, and afford no further information on this subject. 1 Phil. on Ev. 225; 1 Starkie, 135.
Nothing has been settled in this State. In Cook vs. Corn, (1 Tenn. Rep. 340,) brought before the old Superior court in 1808, something was said on the question, but nothing decided.
We are therefore compelled to resort to the British authorities to ascertain the law. In Lord Melville’s case, the twelve judges were called upon for their respective opinions, “whether, according to law, a witness can be required to answer a question relevant to the matter in issue, the answering of which has no tendency to accuse himself, but the answering of which may establish or tend to establish, that he owes a debt recoverable by civil suit?
Eight of the judges reported the witness was compella-ble to answer, and four declared he was not. With the *301 eight, Lord Eldon, then-out of office, concurred. 1 Hall’s Law Journal, 223, and Peake’s Evidence, 188, Philadelphia edition of 1812, in note.
An act of Parliament was then passed, (46 George III.) declaratory of the law, in affirmance of the opinion of the majority of the judges. This act can have no influence on us, further than it furnishes evidence of the common law theretofore existing. , '
The majority of the English judges thought, and this court thinks, no good reason exists why the rules of evidence should be different in the courts of law and equity. In equity the witness, Walker, could not he protected, because Turney, the defendant, could be compelled to give evidence for the plaintiff, either by answer or before the master; and in this suit at law, a bill could be filed, and the answer of Turney be had and read as evidence on the trial. As no bill of discovery could be filed against the co-partner, Walker, who is not sued, of course, he could be compelled to testify. The prominent reason given by the eight judges in Lord Melville’s case is, that clearly in equity the witness could be compelled to answer, and no rule existed why the rule at law should not be the same.
We take the true rule to be that a witness cannot, by law, refuse to answer a question relevant to the matter in issue, (the answering of which has no tendency to accuse himself, or to expose him to penalty or forfeiture of any nature whatsoever,) by reason only, or on the sole ground that the answering oi such question may establish, or tend to establish, that he owes a debt, or is otherwise subject to a civil suit, either at the instance of the plaintiff in the action then on trial, or of any other person.
The judgment will be reversed, and the cause remanded for another trial.
Judgment reversed.